1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   GAVIN B. DAVIS,                          Case No.:  21-CV-2042 JLS (BGS)
12                              Petitioner,
                                              **ORDER DISMISSING PETITION,**
13   v.                                       **DENYING PETITIONER'S**
                                              **MOTIONS AS MOOT AND**
14   ROB BONTA, California Attorney           **DECLINING TO ISSUE A**
     General,                                 **CERTIFICATE OF**
15                                            **APPEALABILITY**
16                              Respondent.
17

18        Petitioner, proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus

19   pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee.  (ECF No. 1.)  He has also

20   filed a Motion to appoint counsel (ECF No. 2), a Motion to compel (ECF No. 4), and a

21   Motion for an evidentiary hearing (ECF No. 5).

22        Petitioner indicates he is challenging a conviction from the San Diego County

23   Superior Court for which, on June 7, 2018, he was sentenced to time served and three years

24   probation, and states that his sentence completely expired on June 6, 2021.  (ECF No. 1 at

25   1-2.)  Thus, Petitioner was not in actual or constructive custody at the time the Petition was

26   filed on December 7, 2021.

27        "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C.

28   § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'"

*Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994), quoting 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989), citing 28 U.S.C. § 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."); *Bailey v. Hill*, 599 F.3d 976, 978–79 (9th Cir. 2010) ("The petitioner must be in custody at the time that the petition is filed."). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, Petitioner indicates he is no longer in custody under the state court conviction he is challenging in his Petition because his sentence has completely expired. Accordingly, the Court lacks jurisdiction over the Petition, which is **DISMISSED** for lack of jurisdiction. Petitioner's Motions (ECF Nos. 2, 4, 5) are **DENIED** as moot. The Court **DECLINES** to issue a Certificate of Appealability because jurists of reason would not find the jurisdictional ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding when a habeas petition is resolved on procedural grounds without reaching the merits of the claims, a certificate of appealability should issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

**IT IS SO ORDERED**.

Dated: December 9, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge