UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN DAVIS,<br><br>                          Petitioner,<br><br>v.<br><br>ROB BONITA, California Attorney General,<br><br>                         Respondent. | Case No.: 21-CV-2042 JLS (BGS)<br><br>**ORDER DENYING PETITIONER'S MOTON FOR RELIEF FROM JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 9) |

On December 7, 2021, Petitioner Gavin Davis filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner indicated he is challenging a conviction from the San Diego County Superior Court for which, on June 7, 2018, he was sentenced to time served and three years probation, and that his sentence had completely expired on June 6, 2021. (*Id.* at 1–2.)

On December 9, 2021, the Court dismissed the Petition for lack of jurisdiction because Petitioner was not in actual or constructive custody at the time the Petition was filed. (ECF No. 6.) The Court declined to issue a Certificate of Appealability and entered a final judgment of dismissal. (*Id.* at 2; ECF No. 7.)

On December 20, 2021, Petitioner filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 9.) Petitioner argues that the

1  Petition is timely because he has been diligently pursuing remedies available in state court
2  and is entitled to tolling of the one-year statute of limitations applicable to federal habeas
3  petitions as set forth in 28 U.S.C. § 2244.  (*Id.* at 2–3, 9–11.)

4  Petitioner's Rule 59 motion, filed 11 days after entry of judgment, is timely.  *See*
5  Fed. R. Civ. P 59(b) (providing that such motion "must be filed no later than 28 days after
6  the entry of the judgment").  "A district court may grant a Rule 59(e) motion if it 'is
7  presented with newly discovered evidence, committed *clear error*, or if there is an
8  intervening change in the controlling law."  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir.
9  2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).
10 "Although Rule 59(e) permits a district court to reconsider and amend a previous order,
11 the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and
12 conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877,
13 890 (9th Cir. 2000) (internal quotation marks omitted).

14 Petitioner does not disagree with or challenge the Court's finding that he was not in
15 custody under the state court conviction he is challenging when he filed his Petition.  As
16 the Court noted in its prior Order of dismissal: "Subject matter jurisdiction under the
17 federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody
18 pursuant to the judgment of a State.'"  (ECF No. 6 at 1–2 (quoting *Brock v. Weston*, 31
19 F.3d 887, 889 (9th Cir. 1994)).)  The Court informed Petitioner that: "It is a jurisdictional
20 requirement that, at the time a habeas petition is filed, 'the habeas petitioner be 'in custody'
21 under the conviction or sentence under attack.'"  (*Id.* at 2 (quoting *Maleng v. Cook*, 490
22 U.S. 488, 490–91 (1989)).)

23 Here, Petitioner has not challenged the finding that he is not in custody for the
24 conviction he is challenging in his Petition but merely argues that the Petition was filed
25 within the one-year statute of limitations, which is an issue unrelated to whether he was in
26 custody at the time he filed his federal Petition.  *See Maleng*, 490 U.S. at 491 ("We have
27 never held, however, that a habeas petitioner may be 'in custody' under a conviction when
28 the sentence imposed for that conviction has *fully expired* at the time the petition is filed.");

*id*. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). As a result, this Court lacks subject matter jurisdiction over the Petition, and Petitioner is not entitled to relief from judgment under Rule 59(e).

A certificate of appealability is required to appeal the denial of a Rule 59 motion for relief from judgment arising from the denial of a habeas petition. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). The Court finds a certificate of appealability inappropriate with respect to the denial of Petitioner's motion because no "jurists of reason would find it debatable whether the district court abused its discretion in denying" the motion. *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).

For the reasons stated above, Petitioner's Motion for Relief for Judgment (ECF No. 9) pursuant to Rule 59(e) is hereby **DENIED**. Further, a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 27, 2021

Hon. Janis L. Sammartino
United States District Judge