UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                      Petitioner,<br><br>v.<br><br>ROB BONITA,<br>California Attorney General,<br><br>                      Respondent. | Case No.: 21-CV-2042 JLS (BGS)<br><br>**ORDER DENYING PETITIONER'S MOTON FOR RECONSIDERATION**<br><br>(ECF No. 17) |

      Presently before the Court is Petitioner Gavin Davis's Motion for Reconsideration and Relief on the Court's Order ("Mot.," ECF No. 17). On December 7, 2021, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 ("Pet.").) Petitioner indicated he is challenging a conviction from the San Diego County Superior Court for which, on June 7, 2018, he was sentenced to time served and three years of probation. (*Id.* at 1.) His sentence completely expired on June 6, 2021. (*Id.* at 2.) The Court dismissed the Petition for lack of jurisdiction because Petitioner was not in actual or constructive custody at the time the Petition was filed. (ECF No. 6.) On December 20, 2021, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 9), and a motion for disqualification of the undersigned pursuant to 28 U.S.C. §§ 144 and 455 (ECF No. 10). The Court denied Petitioner's motion for relief

from judgment[1] (ECF No. 11) and denied Petitioner's motion for disqualification as moot (the "Order," ECF No. 16).  Petitioner subsequently filed the present Motion seeking reconsideration of the Order that found his motion for disqualification moot.

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).  Rule 59(e) may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner argues the Court incorrectly denied his motion for disqualification as moot and repeats the arguments he made in his original motion.  In order to justify reconsideration, Civil Local Rule 7.1(i) requires Petitioner to show that "new or different facts and circumstances . . . exist which did not exist, or were not shown," at the time the Court denied his last motion as moot on April 11, 2022.  *See* S.D. Cal. CivLR 7.1(i)(1). "Evidence is only newly discover[ed] if it was in fact previously unavailable—i.e. the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence." *Vasquez v. City of Idaho Falls*, Case No. 4:16-cv-184-DCN,

---

[1] Mr. Davis appealed the Court's dismissal of his Petition and denial of his motion for relief from judgment. (ECF No. 12.) The Ninth Circuit denied Petitioner's request for a certificate of appealability and subsequent requests for reconsideration. (ECF Nos. 14, 15.)

2018 WL 1123865, at *3 (D. Idaho 2018) (citing *Zimmerman*, 255 F.3d at 740). Petitioner has not presented any newly discovered evidence. *Ybarra*, 656 F.3d at 998. Nor has he demonstrated that "the district court committed clear error or made an initial decision that was manifestly unjust, or . . . [that] there [was] an intervening change in controlling law." *Id*. Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration and Relief on the Court's Order (ECF No. 17). The Court will entertain no further filings from Petitioner in this closed case.

**IT IS SO ORDERED.**

Dated: June 13, 2022

Hon. Janis L. Sammartino
United States District Judge